## Case No. 10,737.

### PARKER v. HAWK.

[2 Fish. Pat. Cas. 58.] [1]

Circuit Court, S. D. Ohio. Dec., 1857.

PATENTS — TRESPASS ON THE CASE FOR INFRINGE-MENT—STATE STATUTE OF LIMITATIONS.

1. In an action on the case brought under the patent laws of the United States for an infringement of a patent right within the state of Ohio, the limitation act of that state in force when the infringement took place, which bars all actions on the case after six years from the time the cause of action accrued, is a good plea.

2. The 34th section of the judiciary act of 1789 [1 Stat. 73], providing that the laws of the several states not in conflict with the constitution, treaties or laws of the United States, shall form rules of decision for the courts of the United States, includes state legislation for the limitation of actions, and will have the same force in those courts as in the courts of the states.

[Approved in Rich v. Ricketts, Case No. 11,-762.]

3. As the act of congress provides that the action of case may be brought for an infringement of a patent right, and the statute of Ohio bars that action by its technical denomination after six years, the limitation must apply as a bar.

[Cited in Anthony v. Carroll, Case No. 487.]

4. Until congress shall declare the time of limitation for an action for an infringement of a patent right, there is no reason why a state may not interpose to prevent its citizens from vexatious suits of alleged infringements of patent rights, by the enactment of reasonable statutes of limitation barring such suits.

[Cited in brief in Collins v. Peebles, Case No. 3,017. Cited in May v. County of Logan, 30 Fed. 257.]

This was a demurrer to the plea of the statute of limitations. A patent for a new and useful "improvement in hydraulic power," was granted to Zebulon and Austin Parker October 19, 1829, and, having been extended for seven years from the expiration of the first term, expired October 29, 1850. An action on the case, to recover damages for the infringement of this patent, during its lifetime, was brought in 1857. To this action the defendant [John Hawk] pleaded the statute of limitations of Ohio, limiting actions on the case to six years, to which plea the plaintiff demurred.

G. M. Lee and S. S. Fisher, for plaintiff.
T. Ewing, Jr., for defendant.

LEAVITT, District Judge. This is an action on the case for an infringement of the plaintiff's patent for an improvement in the application of hydraulic power, known as the Parker water wheel. The declaration is in the usual form, and avers an infringement by the defendant on a day specially designated. The defendant has pleaded the statute of limitations of the state of Ohio in force when the cause of action accrued, by which all actions on the case for consequen-

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

tial damages, are barred after six years. To this plea the plaintiff has filed a general demurrer, and this presents the question now to be decided. The counsel for the plaintiff insists that the limitation act of Ohio does not apply to a cause of action arising under an act of congress. The argument is that as the power to grant patents for new and useful inventions is vested exclusively in congress by the constitution of the United States, and the franchise of a patentee is created by congressional legislation, no state law can affect or impair his right. The question as applicable to this action is new in this court, nor has it been directly decided by the supreme court of the United States. The supreme court, however, have affirmed principles which by analogy may be regarded as decisive of the question arising on this demurrer. It is well settled that as state laws for the limitation of time within which actions may be brought affect merely the remedy, and do not impair the obligation of a contract, they are to be regarded as rules of decision by the courts of the United States.

The case of McCluney v. Silliman, 3 Pet. [28 U. S.] 270, is one in which this principle was recognized and applied by the supreme court. It was an action on the case against the defendant as register of a land office in Ohio for nonfeasance in refusing, on the request of the plaintiff, to enter his application for the purchase of certain government lands, as required by an act of congress. The plaintiff put in the plea of not guilty within six years, to which there was a demurrer. It was insisted that the Ohio statute of limitations could not be interposed as a bar to an action against a public officer for an omission of a duty enjoined by an act of congress. The opinion of the court, in which all the judges concurred, was delivered by Judge McLean. The learned judge, after citing section 34 of the judiciary act of 1789, which provides "that the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States in cases where they apply," arrives at the conclusion that the limitation act of Ohio was applicable to the case, and was a bar to the action. The court say: "Under this statute the acts of limitation of the several states, where no special provision has been made by congress, form a rule of decision in the courts of the United States, and the same effect is given to them as is given in the state courts." The court further hold "that where the statute is not restricted to particular causes of action, but provides that the action by its technical denomination shall be barred if not brought within a limited time, every cause for which the action may be prosecuted, is within the statute." And again: "In giving a con-

struction to this statute, where the action is barred by its denomination, the court can not look into the cause of action." The court, in accordance with these views, therefore overruled the demurrer to the plea of the statute of limitations.

There would seem to be no doubt that the decision in the case referred to, must control the pending question. It is true the cause of action in the case decided by the supreme court was not the same as in the case before this court. This is an action for an infringement of a patent right, but like the case of McCluney v. Silliman [supra], it is an action on the case, and therefore within the category of suits expressly barred by the Ohio statute. The act of February 25, 1831, in force when the cause of action accrued in this case (3 Chase, 1768), fixes the bar in "actions on the case for consequential damages," at six years. It is clear that an action for an infringement of a patent right is within this designation. The act of congress of July 4, 1836 [5 Stat. 117], expressly provides that damages may be recovered for an infringement, by "an action on the case." It is not material to inquire, whether this provision excludes every other remedy at law. From the nature of the injury complained of, it admits of no doubt that the action on the case is the appropriate action. And if the statute did not directly authorize it, and the party complaining of the injury was remitted to his remedy at common law, this would be the proper form of action. And in accordance with the views of the supreme court, it is barred by its denomination as an action on the case, without inquiry into the grounds of the action.

I can perceive no objection in principle to the application of the doctrine, established by the supreme court, to this case. Congress has omitted to prescribe any bar from the lapse of time, to an action for an infringement of a patent right. It was undoubtedly within the competency of that body to have done so: and in the case of copyrights, it has exercised this power. Does it follow, because it has failed to establish a limitation in suits for infringements of patent rights, that the right of the patentee to sue shall be indefinitely extended? And is it not expedient, while it violates no principle, that the legislation of the state shall be invoked to protect its citizens from the annoyance of being sued upon stale claims for alleged infringements? A patentee has clearly no ground to complain of a violation of his rights under his patent, by being required to prosecute within a reasonable time. The right to sue at any time, is not a right secured to him by the emanation of a patent, and he can clearly claim nothing that is not conferred by his patent. There is no force in the argument, that in this view it would be in the power of a state to defend the rights of a patentee by prescribing a period of limitation so short as to render it impracticable to sue for an infringement. It is a sufficient reply to this, that this objection does not exist, and can not therefore apply in reference to the statute of Ohio now in question. And this court can not mold its decision in this case, in apprehension of such future legislation by a state, as may interfere with or thwart the just rights of a patentee. It will be proper for the court to determine what its action shall be, when the grievance supposed shall have an actual existence.

The demurrer to the plea of the statute of limitations is overruled.

NOTE. At a subsequent term, the same question arose in the case of Parker v. Hall [unreported], when Judge McLean was sitting with the district judge, and the ruling of the court was the same as in the foregoing case.
[For other cases involving this patent, see note to Parker v. Hatfield, Case No. 10,736.]